Chief Justice Robertson,
delivered the opinion of the court.
This was a suit against Offut on a protested, bill of exchange. The last day of grace was Sunday. The protest was on Saturday evening. The jury found a verdict exceeding the principal, interest and damages and- costs of protest, by more than $100;- and the court rendered judgment for the whole amount of the verdict.
The protest on Saturday was proper, and is conform-ahle to usage and well established authority.
If the third day of grace happen to be Sunday, the demand must be made on the Saturday preceding; Jackson vs. Richards, II Caine’s Repts. 343. Many-other corroborating cases might be cited. But it is unnecessary. The doctrine cannot now be questioned.
But for the excessiveness of the verdict, the circuit court ought, ex oficio to have set it aside. Because the amount °f recovery was so well ascertained by law that the court knew judicially, that the verdict was for too much; Dickson vs. Smith, I Litt’s. Repts. 212; White vs. Green, III Mon. Reps. 157; Banks vs. Oden, I Marsh. 550.
The judgment must therefore, be reversed, and the cause remanded with instructions to set aside the verdict, and award a venire facias de navo.
Suspension of an opinion of this court must be entered of record. Otherwise, this court, after the expiration of the term at which it was pronounced and a copy of the mandate given out by the clerk, has no power to correct or modify the opinion.
The foregoing case was retained on the docket by an inef-factual attempt to obtain a modification of the above opinion, until the 8th of July, 1830, when the Justice delivered the following opinion of the court.
It appeared from one part of the record in this case, that the judgment was rendered about a year sooner than its true date; and consequently that the judgment was for too much. The mistake in the record, had been corrected by the clerk in another part of it. But neither the counsel nor the court had observed the correction. The fact that the judgment exceeded the legal standard of right according to the apparent date of the judgment, was therefore, conceded in argument, by the counsel for Stout’s administrator.
Shortly after delivering the opinion, the mistake, being discovered, the court stated that the opinion should be accordingly changed. Thereupon, the counsel for Offut, requested time to re-examine the record, and file an additional argument, The indulgence was accorded, and the court stated that the opinion should, for that purpose, be suspended. The record was delivered to Offut’s counsel; and was not returned to the court until a day or two before its final adjournment. Not suspecting any difficulty, and having much other business to dispose of, the court did not, thenj deliver another opinion. But intended to do so.
The counsel for Offut filed an additional argument, and in that, admitted that the opinion was understood to be suspended.
After the adjournment of the court, it was ascertained that there was no entry on the record, of the suspension of the. opinion, and the counsel for Offut de-ipanded, and obtained from the clerk, a copy of the mandate.
At the commencement of the next term, on motion, the court revoked the mandate, the circuit court not having acted upon it, in the meantime.
The power of the court, over the case, has been contested and fully argued. The court has maturely considered the subject; and the following is the result.
The chief justice is of opinion that the court has, under all the circumstances, power yet to adjudicate on *334 the case and correct the error. Judges Underwood and Buckner are of a different opinion. 1
Crittenden, and Depew, for plaintiff; Haggin, for defendant.
--Therefore, the opinion rendered, must remain uir changed.